In the Matter of the Construction of the Last Will and Testament, and Codicil Thereto, of WILLIAM ALLEN, Deceased, and of the Judicial Settlement of the Accounts, etc., of ANNIE B. ALLEN and Others, as Executors, etc., Respondents. ELEANOR A. HOXIE and Another, Individually and as Executors, etc., of ISABELLA M. CAPSTICK, Deceased, Appellants; TRINITY EPISCOPAL CHURCH OF MOUNT VERNON and Others, Respondents.— Decree of the Surrogate's Court of Westchester county unanimously affirmed upon the opinion of the surrogate [Reported in 111 Misc. Rep. 93], with costs to all parties who have appeared, payable out of the estate. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

In the Matter of Summary Proceedings: ANTONIO DI CANIO, Respondent, v. ADAM FRANK, Appellant.— Judgment and order of the City Court of New Rochelle unanimously affirmed, with costs. No opinion, Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

SARAH A. JOHNSON, Respondent, v. MARY DE KONING SMITH, Appellant, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

WILLIAM LOEBEL & SON, Respondent, v. ABRAHAM KATZ, Appellant.— Judgment of the County Court of Nassau county, affirming a judgment of a justice of the peace, reversed upon the law and the facts, and a new trial ordered, costs to abide the event. The plaintiff, not having shipped the goods by the American Express, as required by the shipping directions, in order to recover must establish the receipt of the goods by defendant, and the evidence in the record does not justify a finding of fact that defendant received the goods. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

HERMAN W. ORTHEY, as Substituted Trustee under the Last Will and Testament of FREDERICK WESTPHAL, Deceased, Respondent, v. ABRAHAM BOGAN and Others, Defendants, Impleaded with APPOLONIA BOWDEN, Appellant, and JAMES P. CONWAY, as Committee, etc., Respondent.— Judgment reversed upon the law and the facts, complaint dismissed on the merits, and judgment of foreclosure in favor of defendant Bowden unanimously directed, with costs, The court finds that Julius Scharmann had no interest in the property or the bond and mortgage in question; that his name was fraudulently inserted therein as a joint obligee and mortgagee; that the assignment by defendant Bowden to Scharmann and Bleidner as trustees of the Westphal estate was procured by fraud and without consideration, and that the plaintiff is not a *bona fide* holder for value of the said bond and mortgage. The findings of fact and conclusions of law to the contrary are reversed, and new findings made in accordance with this decision. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur. Settle order on notice before Mr. Justice Young.